**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA GUADALUPE DÍAZ,**

    **Plaintiff,**

v.                                                                     **Case No:   6:21-cv-26-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

**ORDER**

The following Motion was considered without oral argument:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 42)** |
| **FILED:** | February 7, 2023 |

It is **ORDERED** that the motion is **GRANTED**.

**I.    BACKGROUND**

On December 17, 2020, Claimant entered into a contingency fee agreement (the "Agreement") in which she agreed to pay her counsel twenty-five percent of the total past-due benefits due to her. Doc. No. 42 at 1; Doc. No. 42-1. On October 25, 2021, a judgment was entered reversing and remanding this case to the

Commissioner of Social Security (the "Commissioner") for further proceedings under sentence four of 42 U.S.C. § 405(g). Doc. No. 39. On January 18, 2022, Claimant moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 40. On January 20, 2022, this Court awarded $3,189.00 in attorney's fees under the EAJA to Claimant. Doc. No. 41.

On January 26, 2023, the Commissioner sent a Notice of Award to Claimant of past-due benefits of $62,886.00 through December 2022. Doc. No. 42 at 2; Doc. No. 42-2. On February 7, 2023, Claimant's counsel filed an unopposed motion for an award of attorney's fees under 42 U.S.C. § 406(b) (the "Motion"). Doc. No. 42. In the Motion, Claimant's counsel requests a fee award of $15,721.50, representing twenty-five percent of the benefits awarded. *Id.* at 1-2. Claimant's counsel represents that counsel "did not receive any Equal Access to Justice Act fees because the government kept the $3,189.00 awarded by this Court and applied that amount to a child support debt owed by Plaintiff." *Id.* at 2 (citation omitted); *see* Doc. No. 42-3.

## II.   APPLICABLE LAW

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,

> and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.;* § 406(b)(2). To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). Because Claimant was awarded past-due benefits following remand (*see* Doc. No. 42-2), the Court may award attorney's fees under § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520-21 (2019).

### III.   ANALYSIS

#### A. Fee Awards under § 406(b).

Counsel requests authorization to charge Claimant $15,721.50 in attorney's fees. Doc. No. 42 at 1. Under the EAJA, Claimant was awarded $3,189.00 in

attorney's fees. Doc. No. 41. Claimant's counsel represents that counsel did not receive any attorney's fees under the EAJA because the amount was subject to a federal offset. Doc. No. 42 at 2; Doc. No. 42-3. Because Claimant's counsel did not receive any attorney's fees under the EAJA, the $15,721.50 in attorney's fees sought in this case reflects the amount that remains available for attorney's fees. *See generally Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985); *Wrotten v. Colvin*, No. 2:10-cv-685-CM, 2014 WL 3057105, at *1 (M.D. Fla. July 7, 2014).

### B. Reasonableness of Contingent Fee.

To evaluate an attorney's petition under 42 U.S.C. § 406(b), the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).

The contingency fee negotiated by Claimant and her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's

attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (citation omitted). Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

- 6 -

Here, Claimant's counsel spent 25.4 hours representing Claimant before the Court. Doc. No. 40 at 2; Doc. No. 42 at 2. As a result, the case was remanded for further proceedings, and Claimant was ultimately successful on her claim. Doc. Nos. 38, 39, 42-2. The Agreement states that Claimant has agreed to pay attorney's fees equal to twenty-five percent of past-due benefits awarded to Claimant. Doc. No. 42-1. After reviewing the Motion, the results obtained, and the Agreement, the Court finds an additional award of $15,721.50 in attorney's fees is reasonable.

## IV.   CONCLUSION

It is **ORDERED** as follows:

1. The Motion (Doc. No. 42) is **GRANTED**; and

2. Counsel is authorized to charge and collect from Claimant the sum of $15,721.50.

It is so **ORDERED** on February 10, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties